**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
———————————————————————

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

        **v.**                  **05-CR-313E(Sr)**

**LUTHER HAYES,**

        **Defendant.**
———————————————————————

**DECISION AND ORDER**

This case was referred to the undersigned by the Hon. John T. Elfvin, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions.  Thereafter, on July 7, 2007 this case was reassigned to Chief Judge Richard J. Arcara.

**PRELIMINARY STATEMENT**

The defendant, Luther Hayes ("the defendant"), has been charged with violating Title 18 U.S.C. §§ 922(g)(1) and 3, § 924(a)(2) and Title 21 U.S.C. § 844(a) in a multi-count indictment.  (Docket #1).  He has filed an omnibus discovery motion wherein he seeks (1) "disclosure of the identities of all government informants;" (2) discovery and production of all materials and information to which he is entitled under Rule 16 of the Fed. R. Crim. P.; (3) production of *Brady, Giglio* and *Jencks* Material; (4) "disclosure of evidence pursuant to Rules 404(b), 608 and 609 of the Federal Rules of Evidence" ("F.R.E."); (5) "preservation of rough notes and other evidence;" (6) "active

counsel participation in *voire dire*;" (7) "pre-trial production of government summaries;" (8) permission "to *voire dire* government experts outside the presence of the jury;" (9) "disclosure of grand jury transcripts;" (10) "leave to make other motions."  (Docket #12).

The government has filed a response to these requests along with a reciprocal request for discovery pursuant to Rule 16(b) Fed. R. Crim. P.  (Docket #16).

Each of the defendant's requests, as well as the government's request, will be separately addressed herein.

## DISCUSSION AND ANALYSIS

**1.      Defendant's Request For Disclosure Of
          Identity Of All Government Informants:**

The government has responded to this request by stating "that there was no informant involvement in this matter."  (Docket #16, p. 4).  Based on this representation, the defendant's motion is DENIED on the basis that it is moot.

**2.      Defendant's Request For Production Of Rule 16,
          Fed. R. Crim. P. Materials And Information:**

In response to this request, the government advises that it "has fulfilled its obligation under Rule 16 of the Federal Rules of Criminal Evidence[1] (sic)" and that it "understands that this obligation is continuing and will comply as any new information or

---

[1] The Court interprets this error as correctly meaning Fed. R. Crim. P.

material becomes available."  (Docket #16, p. 4).  The government also advises that it

"will forward to the defense the identity of expert witnesses, as well as their background

and summaries of testimony as they become available."  (Docket #16, p. 4).


Based on this response, the defendant's motion is DENIED on the basis

that it is moot.


### 4.     Defendant's Request For Production Of *Brady, Giglio* And *Jencks* Material:

The defendant has made a broad request for any and all materials and/or

information, including a culling of government agent personnel files, that would be

"exculpatory" to the defendant which the Court interprets as a broad request for "*Brady*,"

"*Giglio*" and "*Jencks*" materials as the defendant has used those labels in his motion.


Counsel for the government has acknowledged his responsibility under

*Brady v. Maryland*, 373 U.S. 83 (1963) and subsequent cases and has stated that the

government does not possess any "'exculpatory' material within the contemplation of

*Brady*." (Docket #16. pp. 5-6).  The government has also represented that it will comply

with the requirements of 18 U.S.C. § 3500 with respect to production of statements of

witnesses called to testify at trial.  As a result of these representations, the defendant's

request for such materials, *i.e., Brady, Giglio* and *Jencks* is DENIED, but the

government is hereby directed to comply with the Second Circuit Court of Appeals'

holding in *United States v. Coppa*, 267 F.3d 132 (2d Cir. 2001) and *United States v.*

*Rodriguez,* 496 F.3d 221 (2d Cir. 2007) by making timely disclosure of those materials to the defendant.

"[A]s a general rule, *Brady* and its progeny do not require immediate disclosure of all exculpatory and impeachment material upon request by a defendant." *Id*. at 146.  The prosecution is obligated to disclose and turn over *Brady* material to the defense "in time for its effective use."  *Id*. at 144.  With respect to impeachment material that does not rise to the level of being *Brady* material, such as *Jencks* statements, the prosecution is not required to disclose and turn over such statements until after the witness has completed his direct testimony.  *See* 18 U.S.C. § 3500; Rule 26.2 Fed.R.Crim.P.; *In Re United States*, 834 F.2d 283 (2d Cir. 1987).  However, if the government has adopted a policy of turning such materials over to the defendant prior to trial, the government shall comply with that policy; or in the alternative, produce such materials in accordance with the scheduling order issued by the trial judge.

### 4. Defendant's Request For Disclosure Of Evidence Pursuant To Rule 404(b), 608 And 609 Of The F.R.E.:

The government has stated that it intends to use the criminal history of the defendant to the extent permitted by Rule 609 of the F.R.E. to impeach the defendant should he testify at trial.  The government further advises that the defendant will be notified of such intention and the particulars of such information at such time that it becomes available.  (Docket #16, pp. 6-7).

Rule 404(b) F.R.E. only requires that "the prosecution . . . provide reasonable notice in advance of trial . . . of the *general* nature of any such evidence it intends to introduce at trial" (emphasis added).  This has been done, and as a result, defendant's request on this issue is DENIED as being moot.

The issue of admissibility of such evidence, as raised in the defendant's request, pursuant to Rules 404(b) and 609 F.R.E. is best left to the determination of the trial judge at the time of trial.

Rule 608 F.R.E. does not contain a required pretrial notice as set forth in Rule 404(b).  Therefore, there is no requirement on the part of the government to make any disclosure of evidence, or its intent to use evidence at the trial pursuant to Rule 608 at this time.  Therefore, defendant's request in this regard is DENIED.

### 5.    Defendant's Request For Preservation Of Rough Notes And Other Evidence:

The defendant seeks to have "all evidence acquired in [the government's] investigation of the defendant" preserved.  (Docket #12, p. 25).  This is an overly broad request for which there is no legal support.  However, in the body of this particular request, it appears that the defendant is attempting to have all potential Rule 16 and *Jencks* materials preserved.  The express admonition of the Court of Appeals for the Second Circuit bears repeating in addressing this particular request of the defendant wherein the Court stated:

> [W]e will look with an exceedingly jaundiced eye upon future efforts to justify non-production of a Rule 16 or Jencks Act "statement" by reference to "departmental policy" or "established practice" or anything of the like.  There simply is no longer any excuse for official ignorance regarding the mandate of the law.  Where, as here, destruction is deliberate, sanctions will normally follow, irrespective of the perpetrator's motivation, unless the government can bear the heavy burden of demonstrating that no prejudice resulted to the defendant. . . .  We emphatically second the district court's observation that any resulting costs in the form of added shelf space will be more than counterbalanced both by gains in the fairness of trials and also by the shielding of sound prosecutions from unnecessary obstacles to a conviction.

*United States v. Buffalino*, 576 F.2d 446, 449-50, (2d Cir.), *cert. denied*, 439 U.S. 928 (1978); *see also United States v. Grammatikos*, 633 F.2d 1013, 1019-20 (2d Cir. 1980); *United States v. Miranda*, 526 F.2d 1319 (2d Cir. 1975), *cert. denied*, 429 U.S. 821 (1976).

The government is hereby directed to maintain and preserve all materials that are known by the government to exist that constitute potential *Jencks* and Rule 16, Fed. R. Crim. P. material in this case.

### 6.    Defendant's Request For "Active Counsel Participation In Voire Dire:

Conducting *voire dire* of prospective jurors is a matter normally performed by the trial judge to whom the case has been assigned.  However, the trial judge has discretion to allow participation in the *voire dire* process by counsel for the parties in a

-6-

manner designated by said trial judge.  Rule 24(a) Federal Rules of Criminal Procedure.

Therefore, defendant's request is DENIED by this Court without prejudice, and it may

be renewed by counsel before the trial judge.


### 7.      Defendant's Request For Pre-Trial Production Of Government Summaries:

The government has stated that it "does not intend to use summaries at

trial" but "should this change, [it] has no objection to letting the defendant review same."

(Docket #16, p. 9).  Based on this representation, the defendant's motion is DENIED on

the basis that it is moot.


### 8.      Defendant's Request For Permission To *Voire Dire* Government Experts Outside The Presence Of the Jury:

The defendant requests an order pursuant to Rule 104 of the FRE

permitting him to "*voire dire* any proposed government experts at trial outside the

presence of the jury."  This motion is premature and is best left for determination by the

trial judge and therefore, said motion is DENIED with the right of the defendant to make

it *de novo* at the trial before the trial judge pursuant to Rule 104(a) FRE.


### 9.      Defendant's Request For Disclosure Of Grand Jury Transcripts:

The defendant has moved, pursuant to Rule 6(e)(3)(C)(I) of the Federal

Rules of Criminal Procedure "for the disclosure of transcripts of all testimony before and

all exhibits considered by the grand jury that indicted" the defendant.  In support of this

request, the defendant merely asserts that he "has a particularized need for the transcripts in order to present a vigorous defense, which outweighs the grand jury policy of secrecy."  (Docket #12, p. 28).

It is a long-established rule that "[t]he burden. . . is on the defense to show that 'a particularized need' exists for the minutes [of the grand jury] which outweighs the policy of secrecy."  *Pittsburg Plate Glass Co v. United States*, 360 U.S. 395, 400 (1959). The assertion of the defendant as to his "particularized need" is legally insufficient to require disclosure of the grand jury proceedings as requested by him.  It is pointed out that transcripts of grand jury testimony of witnesses called by the government to testify at trial must be made available to the defendant pursuant to and in accordance with the provision of 18 U.S.C.  § 3500.

It is also pointed out that:

> [A]n indictment valid on its face is not subject to challenge
> on the ground that the grand jury acted on the basis of
> inadequate or incompetent evidence.

*United States v. Calandra*, 414 U.S. 338, 345 (1978).

Furthermore,

> An indictment returned by a legally constituted and unbiased
> grand jury, like an information drawn by the prosecutor, if
> valid on its face, is enough to call for trial of the charge on
> the merits.  The Fifth Amendment requires nothing more.

*Costello v. United States*, 350 U.S. 359, 363 (1956).

Therefore, defendant's request for disclosure of the grand jury proceedings is DENIED.

### 10.    Defendant's Request For Leave To Make Other Motions:

The defendant requests permission to file additional motions "which may be necessitated by due process of law, by the Court's ruling on the relief sought herein, by additional discovery provided by the government or investigation made by the defense, and/or any information provided by the government in response to the defendant's demand."  (Docket #12, p. 29).  This request is GRANTED subject to the limitations as contained in the aforesaid quote.

### 1.    The Government's Reciprocal Rule 16(b)
        Fed.R.Crim.P. Request:

The government has requested that the defendant permit it to inspect and copy various books, records, documents, photos and other tangible objects, including reports of physical or mental examinations and of scientific tests or experiments, within the possession or control of the defendant which the defendant intends to introduce as evidence in chief at the trial along with written summaries of expert witnesses' testimony that the defendant intends to use.  Since the defendant has moved pursuant to Rule 16(a)(1) of the Federal Rules of Criminal Procedure for similar materials and information, the government is entitled to this information pursuant to Rule 16(b)(1) and its request is GRANTED.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Decision and Order be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Decision and Order in accordance with the above statute, Fed. R. Crim. P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance.  *See, e.g., Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).  **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.**  *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2**

**(concerning objections to a Magistrate Judge's Decision and Order), may result in**

**the District Judge's refusal to consider the objection.**

**S/ H. Kenneth Schroeder, Jr.**
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**

**DATED:     Buffalo, New York**
**January 23, 2008**

-11-